**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Cortez WHITE, also known as**
**Tez, Defendant–Appellant.**

**No. 12–3043.**

United States Court of Appeals,
Eighth Circuit.

Submitted: May 31, 2013.

Filed: June 4, 2013.

---

1. The Honorable Henry E. Autrey, United States District Judge for the Eastern District

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

**PER CURIAM.**

After Cortez White pleaded guilty to drug-trafficking offenses, the district court[1] sentenced him to 151 months in prison and five years of supervised release. He now brings this appeal in which his counsel has moved to withdraw, and argues in a brief filed under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), that the district court should not have credited the sentencing testimony of a police officer in assessing a firearm enhancement under U.S.S.G. § 2D1.1.

Upon careful review of the sentencing transcript, we defer to the district court's credibility finding, *see United States v. Mickelson*, 378 F.3d 810, 822 (8th Cir. 2004), and we conclude that the court did not err in assessing the firearm enhancement, *see United States v. Canania*, 532 F.3d 764, 770 (8th Cir.2008) (standard of review), based on the police officer's testimony that he found a loaded and cocked firearm near the front door of a residence where White was present—along with drugs, drug paraphernalia, and cash, *see* U.S.S.G. § 2D1.1, comment. (n.3); *United States v. Fladten*, 230 F.3d 1083, 1086 (8th Cir.2000) (per curiam) (evidence that weapon was found in same location as drugs or drug paraphernalia usually suffices). Significantly, White told the officer that he kept the firearm to protect "product and money."

Further, having independently reviewed the record under *Penson v. Ohio*, 488 U.S.

of Missouri.

75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issues for appeal. Accordingly, we affirm, and we grant counsel leave to withdraw.

